Case 4:14-cv-00719-A Document 13 Filed 10/15/14 Page 1 of 12 PageID 100

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 15 2014

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSE FRANK LARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-719-A |
| | § | |
| JOE SHANNON, DISTRICT ATTORNEY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, Jesse Frank Lara, a prisoner incarcerated in a facility of the Texas Department of Criminal Justice ("TDCJ"), filed this suit pro se under 42 U.S.C. § 1983,[1] naming as defendants Joe Shannon ("Shannon"), Tarrant County District Attorney; Brad Livingston ("Livingston"), Director, TDCJ; Steven C. McCraw ("McCraw"), Director, Texas Department of Public Safety; James W. Lane ("Lane"), attorney; Paul A. Conner, attorney; Judge Robb Catalano; Debra Spisak ("Spisak"), Clerk of the Second Court of Appeals, and Rose M. Stewart ("Stewart"), Deputy Clerk;[2] and, Robert Gill ("Gill"), Assistant District

---

[1] Plaintiff filed this action in the United States District Court for the Western District of Texas. That court subsequently transferred the action to the Northern District.

[2] The complaint identifies as a defendant "Debra Spisak, Second District Court of Appeals, by Rose M. Stewart, Deputy." Plaintiff apparently took this language from the signature block of the state court papers signed by Stewart as Deputy Clerk on behalf of Spisak.

Attorney.³ Attached to the form complaint is a document titled a supplemental complaint, as well as numerous other attachments. Plaintiff also filed a memorandum of law in support of his complaint and his supplemental complaint. Plaintiff has now also filed a motion for summary judgment and motion for injunctive relief. Having considered all of plaintiff's filings, the court concludes that the complaint in this action should be dismissed in its entirety, and that the motion for summary judgment and the motion for injunctive relief should be denied.

I.

The Complaint

The complaint alleged the following:

Plaintiff seeks recovery for the tort of false
imprisonment occasioned in the absence of due process
of law. The cause of action is a void judgment
rendered in the 213th Judicial District Court in
Tarrant County on August 3, 1993 in state criminal
cause No. 0443272. This state court permitted the
unauthorized appearance of an attorney during a
critical stage of a criminal proceeding and which
comports to a denial of the accused's constitutionally
guaranteed right to counsel without a waiver of
counsel. This structural error divested said court of
"all jurisdiction" and the judicial and qualified
immunities of all state actors involved and responsible
in its enforcement. The cause of action was borne of a
conspiracy by private actors and joined into by state

---

³It is not clear if the individuals named in the opening paragraph of this memorandum opinion and order are the only ones plaintiff intended to name as defendants. For example, the complaint and supplemental complaint also complain about actions taken by attorney Barry Alford and by Judge Means. For the reasons stated herein, the court is dismissing this action in its entirety, to include any purported defendants not expressly named in the opening paragraph.

2

```
        and federal actors under color of state and federal
        law.  That state actors then publicly asserted
        concrete, false factual assertions which stigmatized
        him, and to remove and significantly alter his life,
        liberty, and property interests recoginzed by both
        state law and the incorporated provisions of the Bill
        of Rights.
```

Compl. at 3(a)-4. Plaintiff further accused another judge of this court, the Honorable Terry R. Means, of participating in a conspiracy by dismissing a prior action plaintiff filed against the same parties in Civil Case No. 4:13-CV-207-Y.[4]

## II.

### Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the

---

[4]The court takes judicial notice of the entire record in Case No. 4:13-CV-207-Y.

complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). After considering plaintiff's claims as described in the complaint, the court concludes that they are frivolous and fail to state a claim for relief against any defendant.

III.

Analysis

A. Dismissal Under Heck v. Humphrey

In 1994, the United States Supreme Court stated that for a plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, the Supreme Court "unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [§] 1983.'" Randell v. Johnson, 227 F.3d 300,

4

301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at 487).

Here, plaintiff's claims arise from his 1993 arrest and conviction for indecency with a child or from his 2012 conviction for failure to comply with sexual offender registration requirements. Plaintiff's primary contention seems to be that the 1993 state court judgment is void because he was represented by Conner, rather than Lane, during a portion of his criminal proceeding, which plaintiff alleges violated his right to counsel. Because the requirement to register as a sex offender arose as a result of the 1993 conviction, plaintiff maintains that the 2012 conviction for that offense is also void. Plaintiff is seeking a determination by this court consistent with those contentions, and in his prayer for relief asks for "release from illegal imprisonment via injunctive relief and an award of damages." Compl. at 4.

A favorable ruling by this court on these claims would necessarily imply the invalidity of plaintiff's criminal conviction--the result he specifically seeks. Because plaintiff has failed to allege or show that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction, his claims "[are] not cognizable under [§] 1983.'" Randell, 227 F.3d at 301. Accordingly, plaintiff's claims are

dismissed as frivolous. <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that "falls under the rule in <u>Heck</u> is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

B. <u>Limitations</u>

As an additional basis for dismissal, it appears most, if not all, of plaintiff's claims would be barred by limitations.[5]

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992). Federal courts thus look to the law of the forum state to determine when an action accrues under § 1983. <u>Id.</u> In Texas, the applicable limitations period is two years. <u>Id.</u> A cause of action pursuant to § 1983 "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Id.</u> (citations omitted). Stated differently, limitations begins to run "when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." <u>Moore v. McDonald</u>, 30 F.3d 616, 621 (5th Cir. 1994) (citations omitted).

---

[5]The court may sua sponte dismiss a case filed <u>in forma pauperis</u> if it is evident on the face of the pleadings that the claims asserted therein are barred by limitations. <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

6

Here, many of plaintiff's claims appear to arise from the same nucleus of operative facts: his 1993 criminal proceeding in the Tarrant County District Court, where plaintiff pleaded guilty to one charge of indecency with a child. Plaintiff complains of the actions of Lane, Conner, Shannon, Gill, and others in the performance of their duties as his attorneys, prosecutors, or judges. Plaintiff participated in the proceedings in the state court in 1993, and would have been aware at that time of the facts on which he now bases his § 1983 claims. For example, much of the complaint is grounded on the fact that Conner, rather than Lane, appeared in court on plaintiff's behalf, purportedly without plaintiff's authorization, during a portion of the 1993 criminal proceedings. Plaintiff would have known in 1993 about Conner's representation during the criminal case and whether plaintiff had agreed or objected to such representation. The two-year limitations period having long expired, all of plaintiff's claims arising from his 1993 state court conviction are barred by limitations.

C. <u>Claims Against Attorneys and Judges</u>

To allege a claim pursuant to § 1983, plaintiff "must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons

acting under color of state law." Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation marks and citation omitted). Privately retained or court-appointed attorneys are generally not subject to suit under § 1983 because such are not state actors. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (court-appointed attorney); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972) (per curiam) (retained attorney). Because plaintiff's claims against Lane and Conner pertain solely to actions taken in their capacities as his attorneys, plaintiff has failed to allege a cognizable claim against either of those individuals under § 1983.

Defendants Shannon and Gill are identified as prosecutors in the Tarrant County District Attorney's office. As far as the court is able to discern, the only allegations directed to them pertain to duties carried out in their official capacities as prosecutors. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Because the only allegations against Shannon and Gill concern actions taken in their role in prosecuting plaintiff's criminal trial, they "are

8

absolutely immune from liability" for such actions. Johnson v. Kegans, 870 F.2d 992, 996 (5th Cir. 1989); see also Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam).

Similarly, all of the allegations against Judge Catalano pertain to his duties as a judge. Judges enjoy absolute immunity from claims for damages arising out of actions taken in the exercise of their judicial functions. Boyd, 31 F.3d at 284. Such immunity can be overcome only in two narrow circumstances not alleged here. Mireless v. Waco, 502 U.S. 9, 11 (1991). Accordingly, all claims against Judge Catalano are dismissed.

Plaintiff appears to accuse Shannon, Gill, Lane, Conner, Judge Catalano, and even Judge Means, of engaging in a conspiracy. Private attorneys who conspire with state actors may face liability under § 1983, even if the state actors are protected by immunity. Mills, 837 F.2d at 679. However, to state a conspiracy claim under § 1983 requires plaintiff to set forth specific facts that tend to show an agreement among the defendants to commit an illegal act. Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982). Here, the conspiracy allegations consist primarily of conclusory assertions. Absent from the complaint are any facts, as opposed to speculation, to show any agreement, illegal or otherwise, between Shannon, Gill, Lane, Conner, Judge Catalano, Judge Means, or anyone else.

9

D.  <u>Dismissal of Other Parties</u>

The sole claim against Spisak and Stewart appears to be that they refused to accept papers plaintiff attempted to file in the Second District Court of Appeals. According to the papers included with the complaint, the reason for the refusal was because plaintiff was represented by counsel, and the court informed plaintiff that it would only accept filings from his attorney.

The court finds that the claim against Spisak and Stewart is barred by res judicata.[6] Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action.

---

[6] Res judicata is generally considered an affirmative defense. However, the court may <u>sua sponte</u> dismiss an action on res judicata grounds when the elements of the defense are apparent on the face of the pleadings. <u>Kansa Reinsurance Co. v. Congressional Mortg. Corp. of Tex.</u>, 20 F.3d 1362, 1366 (5th Cir. 1994). In making such a ruling, the court may take judicial notice of the record in a prior related proceeding. <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000).

<u>Nilsen v. City of Moss Point</u>, 701 F.2d 556, 560 (5th Cir. 1983).

All four elements of res judicata are easily established here. Plaintiff raised this exact claim against Spisak and Stewart in Case No. 4:13-CV-207-Y, filed in this court, a court of competent jurisdiction. Judge Means dismissed the claim against Spisak and Stewart with prejudice in his order of dismissal and final judgment signed June 14, 2013. Barred by res judicata, the claims against Spisak and Stewart must be dismissed.

Although the court has dismissed the claims against Lane, Conner, Shannon, Gill, and Judge Catalano on other grounds, res judicata would likely also bar such claims, for the same reasons the doctrine bars the claim against Spisak and Stewart.

Also named as defendants are Livingston, Director of TDCJ, and McCraw, Director of the TDPS. As far as the court can tell, no facts are alleged against either of these defendants, and whatever claims are asserted against them are dismissed.

IV.

Order

Therefore,

The court ORDERS that the complaint filed by plaintiff, Jesse Frank Lara, against all defendants be, and is hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. §

1915A(b)(1).

The court further ORDERS that plaintiff's motion for summary judgment and motion for injunctive relief be, and are hereby, denied.

SIGNED October 15, 2014.

_____
JOHN McBRYDE
United States District Judge